DONALD A. ROBINSON (DAR/8000)
ROBINSON & LIVELLI
Two Penn Plaza East
Newark, New Jersey 07105-2237
Telephone: 973-690-5400
Attorneys for Plaintiff
Shire US Inc.

4/30/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

----------------------------------------------------- x
                                                       :
Shire US Inc.,                                         :      Civil Action No.
                                                       :      02-2023
                         Plaintiff,                    :            (JAP)
                                                       :
          v.                                           :
                                                       :      **COMPLAINT**
Barr Laboratories, Inc.,                               :
                                                       :
                         Defendant.                    :
                                                       :
----------------------------------------------------- x

Plaintiff, Shire US Inc., complaining of the defendant by its attorneys, Robinson &

Livelli, respectfully alleges:

1.      Plaintiff Shire US Inc. (hereinafter "Shire") is a corporation organized and

existing under the laws of the State of New Jersey, has a principal place of business at 7900

Tanners Gate Drive, Florence, Kentucky, has an office at 212 Carnegie Center in Princeton, New

Jersey, and does business throughout the United States, including the State of New Jersey.

2.      Upon information and belief, defendant Barr Laboratories, Inc. (hereinafter

"Barr") is a corporation organized and existing under the laws of the State of New York, has a

principal place of business in Pomona, New York, has manufacturing facilities at 265 Livingston

Street in Northvale, New Jersey, has warehousing and distributing businesses at 232-234 Pegasus

Avenue, in Northvale, New Jersey, does business throughout the United States, including the

State of New Jersey, offers to sell and sells the product in the trade dress complained of herein in New Jersey, and manufactures the product in Northvale, New Jersey.

3.       This is a civil action for violation of Section 43(a) of the Federal Trademark Act, for violation of Section 43(c) of the Federal Trademark Act, and for unfair competition under the laws of the State of New Jersey and other states in which defendant's product is sold.  This Court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §1331 and 28 U.S.C. §§ 1338(a) and (b).  Venue lies pursuant to 28 U.S.C. §1391(b) and (c).

## COUNT I

4.       Plaintiff is and for many years prior to the acts complained of has been engaged in the manufacture, distribution and sale of pharmaceutical preparations.

5.       In or about 1996, Richwood Pharmaceutical Company, Inc., plaintiff's predecessor in title, introduced to the market a product identified by the trademark ADDERALL. The product is mixed amphetamine salts, and is intended for the treatment of attention deficit disorder with hyperactivity (ADHD) in children.  It is a controlled substance available by prescription only.

6.       From its inception, the ADDERALL product has been available in dosage strengths of 10 and 20 mg., which are in distinctive blue or light orange/peach colors. Subsequently 5 mg, 30 mg. and more recently 7.5, 12.5 and 15 mg. strengths, also shown in the same distinctive blue or orange/peach colors were introduced to the market.  A reproduction of a photograph showing the appearance of these ADDERALL tablets is attached as Exhibit 1.

7.       The trade dress or appearance of the ADDERALL tablets is completely arbitrary and non-functional and its sole significance is to identify the source of plaintiff's product.  The colors are not dictated by the ingredients in the tablets and they do not have a therapeutic effect.

2

8.     In this product category, the distinctive appearance of the ADDERALL tablets has been used to distinguish and identify plaintiff's product exclusively and its appearance has been prominently featured in advertising and promotional materials, including those given by physicians to patients to whom the ADDERALL product has been prescribed. Patients are specifically told in this material that "to be certain you are getting what was prescribed by your doctor, your ADDERALL tablets should look like these…" followed by color pictures of the tablets.

9.     The plaintiff's products in the aforesaid trade dress has been continuously and widely advertised, promoted, and sold in interstate commerce throughout the United States, including the State of New Jersey, since their launch. It has been a tremendous marketing success with over 6.7 million prescriptions written in 2001 alone and its trade dress is well known in the relevant market.

10.    The distinctive trade dress of the tablets has come to identify and represent a very valuable business and goodwill which belongs exclusively to plaintiff.

11.    Upon information and belief, Barr is a manufacturer and distributor of generic pharmaceutical products.

12.    Upon information and belief, Barr is offering for sale and selling a generic version of plaintiff's ADDERALL mixed amphetamine salts product in appearances that copy the trade dress, i.e. appearances of ADDERALL tablets. A photograph of Barr's generic products shown next to the comparable dosage forms of the ADDERALL product is attached as Exhibit 2. Barr's generics are promoted as substitutes for the ADDERALL products.

13.    Upon information and belief, defendant acted with full knowledge of the rights of the plaintiff in and to the trade dress or appearance of the ADDERALL tablets and adopted a

3

similar trade dress appearance in order to trade on the reputation and goodwill associated therewith.

14.     Defendant's actions were without the approval or consent of the plaintiff.

15.     Barr's use of the aforesaid distinctive trade dress has been and is likely to divert and appropriate to Barr the goodwill created by plaintiff in its products bearing and identified by its trade dress and has been and is likely to confuse and deceive patients and health care professionals as to the affiliation, connection, or association of defendant with plaintiff or as to the origin, sponsorship or approval of defendant's products, all in violation of 15 U.S.C. §1125(a).

16.     The aforesaid actions of defendant have caused irreparable damage to plaintiff's business and goodwill and will continue to do so unless restrained by this Court.

17.     Plaintiff has no adequate remedy at law.

WHEREFORE, plaintiff seeks appropriate relief as prayed for hereinafter.

## COUNT II

18.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 14 as though fully set forth herein.

19.     The trade dress associated with the ADDERALL product and with plaintiff is distinctive and famous in the relevant market and was distinctive and famous long prior to the acts herein complained of.

20.     Defendant is using the trade dress complained of herein in commerce and began such use after the ADDERALL trade dress acquired fame.

21.     Upon information and belief, defendant willfully intended to trade on plaintiff's reputation and to cause dilution of its famous trade dress.

4

22.     Use of the trade dress on Barr's generic tablets causes dilution of the distinctive quality of the plaintiff's trade dress, all in violation of 15 U.S.C. §1125(c).

23.     Plaintiff's reputation and good will have been damaged by the acts herein complained of and will continue to be damaged unless enjoined by this Court.

24.     Plaintiff has no adequate remedy at law.

WHEREFORE, plaintiff seeks appropriate relief as prayed for hereinafter.

## COUNT III

25.     Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1 through 14, 19, and 20 as though fully set forth herein.

26.     The acts of defendant herein complained of constitute unfair competition under the laws of the State of New Jersey and other states in which Barr sells the product.

27.     Plaintiff's reputation and good will have been damaged by the acts herein complained of and will continue to be damaged unless enjoined by this Court.

28.     Plaintiff has no adequate remedy at law.

WHEREFORE plaintiff prays:

1.     That defendant, its officers, agents, servants and employees and all those holding by, through or under them or any of them and all persons acting in concert or participation with them, be preliminarily and permanently enjoined and restrained from using, in connection with the manufacture, sale, offering for sale, promotion or advertising of the amphetamine mixed salts product sold as a substitute for plaintiff's ADDERALL product, a trade dress similar in appearance to that associated with plaintiff and its ADDERALL product;

5

2. That defendant deliver up for destruction all advertising, promotional materials and other sales material showing or describing the trade dress of its aforesaid generic product;

3. That defendant recall from the marketplace all amphetamine mixed salts products sold in a trade dress confusingly similar to that of plaintiff's ADDERALL product;

4. That plaintiff recover its damages and profits of the defendant attributable to the sale of mixed amphetamines salts products in the trade dress imitating that of plaintiff's ADDERALL product;

5. That plaintiff recover its reasonable attorneys' fees; and

6. That plaintiff have such other and further relief as the Court may deem just and proper.

Dated: April 30, 2002

ROBINSON & LIVELLI
Two Penn Plaza East, Suite 1100
Newark, New Jersey 07105-2249
(973) 690-5400
Attorneys for Plaintiff
Shire US Inc.

By: _____
Donald A. Robinson (DAR/8000)

Of Counsel:

Marie V. Driscoll
Barbara A. Solomon
FROSS ZELNICK LEHRMAN & ZISSU
866 United Nations Plaza
New York, New York 10017
(212) 813-5900

I:\mdriscoll\SHIR\Docs\020418-0202769-complaint-tys.doc

6